# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 25-5005**                    **September Term, 2024**

**1:23-cv-00995-JMC**

**Filed On:** June 12, 2025

Bernard Gelb,

      Appellant

    v.

United States Department of Defense, et al.,

      Appellees

**BEFORE:**    Katsas, Rao, and Walker, Circuit Judges

## O R D E R

Upon consideration of the motion for summary affirmance, the opposition thereto, and the reply; the motion for summary reversal and vacatur, the opposition thereto, and the reply; and the Rule 28(j) letter and the response thereto, it is

**ORDERED** that the motion for summary reversal and vacatur be denied and the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). The district court did not abuse its discretion in denying appellant's motion to strike. See Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc., 630 F.3d 217, 225-26 (D.C. Cir. 2011). As the court explained, appellees were entitled to file a reply in support of their cross-motion for summary judgment, appellees' motion provided sufficient notice to appellant that they were cross-moving for summary judgment, and appellant was not prejudiced by appellees' late filing of their response to appellant's statement of material facts because he was permitted to file a reply statement.

On the merits, the district court did not err in granting appellees' motion to dismiss appellant's constitutional claim based on appellant's failure to establish standing. A plaintiff who "seeks to raise the rights of third parties . . . must show that he has standing under Article III, <u>and</u> that he satisfies third party . . . standing requirements." Lepelletier v. FDIC, 164 F.3d 37, 42 (D.C. Cir. 1999). Although appellant argues why he satisfies the additional requirements for third party standing, the district court dismissed appellant's constitutional claim based on his failure to show that he has standing under Article III. Specifically, the district court correctly concluded

that appellant failed to establish redressability because he had not demonstrated that it was "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992) (internal quotation marks omitted). And while appellant argues that he is similarly situated to the appellant in Lepelletier v. FDIC, that case is distinguishable. The appellant in Lepelletier sought public disclosure of depositors' names as a remedy for his due process claim. The court in Lepelletier observed that "a remedy short of full public disclosure . . . would not appear to redress Lepelletier's injury, because he would not learn the names of the parties with unclaimed deposits and, as a consequence, he would remain unable to contact those individuals in the hope of soliciting business from them." 164 F.3d at 43. That is the situation in this case. Appellant seeks an order from the court requiring appellees to send notices to check recipients prior to cancelling checks. But even if the court granted that relief, appellant would not himself receive notice of the checks, and it is entirely speculative whether the check recipients who receive notice would then seek out appellant's services. Nor can appellant rely on the remedy sought for his Freedom of Information Act ("FOIA") claim in order to establish redressability for his constitutional claim. See Town of Chester v. Laroe Estates, Inc., 581 U.S. 433, 439 (2017) ("[A] plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought.").

The district court also did not err in granting appellees' motion for summary judgment as to appellant's FOIA claim. First, the court correctly held that the individual defendants were entitled to judgment as a matter of law because agencies, and not individuals, are the proper defendants in FOIA actions. See Martinez v. Bureau of Prisons, 444 F.3d 620, 624 (D.C. Cir. 2006). Next, the court did not err in concluding that there was no genuine dispute of material fact that the agency did not possess the records appellant requested. The agency declarations are entitled to a presumption of good faith, and appellant has offered no more than "speculative claims about the existence and discoverability of other documents." See SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal citation omitted). Moreover, the district court correctly held that appellees were not required to create "lists that do not otherwise exist" because "[t]hat exercise self-evidently amounts to records creation, which FOIA does not require." Nat'l Sec. Couns. v. CIA, 969 F.3d 406, 409 (D.C. Cir. 2020).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution

of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**